ORIGINAL

In The

Court Of Criminal Appeals Of Texas

P.O. Box 12308 Capitol Station Austin Texas 78711

Alan Omar Rodriguez, Pro-Se          x D.O.B. 2/3/69
          Petitioner.
                    v                 x Date 5/27/15
State Of Texas, Et Al,                x PD-0228-15,
          Respondant.                 COA No. 01-14-00206-CR.
                                      Tr. Ct. No. 1378403

RECEIVED IN
COURT OF CRIMINAL APPEALS
JUN 03 2015
Abel Acosta, Clerk

Motion for

Petition For Discretionary Review, "Pursuant to The Appropriate Rule."

To The Honorable Justice Judges For The Court Of Criminal Appeals
Of Texas, Austin Texas.

FILED IN
COURT OF CRIMINAL APPEALS
JUN 03 2015
Abel Acosta, Clerk

Now come The Petitioner, Alan Omar Rodriguez, Pro-Se. Assisted by Inmate Regino Palacios #1569296 — an indigent layman of the law in Forma Pauperis and an inmate of the Ramsey I Unit of T.D.C.J in Rosharon, Texas. In humble Bo·Na Fe·De with good cause humbly enters this honorable court with this here his Motion for Petition for Discretionary Review "Pursuant to The Appropriate Rule." Petitioner humbly moves the Court for a hearing and a ruling for the above styled and numbered cause which merits relief sought from an illegal conviction without sufficient evidence to convict or No evidence being Completely innocent.

In Support OF This Motion Petitioner Will Show as follows:

(A) The honorable State District Trial Judge, Rayn Patrick, announced to this Petitioner that the jury had found him guilty. And that he was going to sentence him to "80" eighty years in prison." Entry Page. "1 of 14

## Statement Of The Case:

Petitioner was indicted and convicted on March 7th, 2014, for aggravated sexual assault of a Child (CR 10), (CR 228-238) Later the same day was Sentenced to eighty years imprisonment and fined $10.000. Appeal Notice immidiately given.

The only good defense attorney, Mr. Ricardo Gonzalez did. was claim "Isufficent Evidence". Requested an Instructed Verdict from The Court Judge. V. 5 of 9 at 56 lines 19-25.

A conviction with insufficient evidence to convict.

Affirmed by The First District Court Of Appeals Of Texas On February 3, 2015

On April 29, 2015 This honorable Court Ordered The PDR redraw and granted 30 days. Thereby this is timely filed, this 27th day of May 2015.

## Statement Of Facts.

The Rodriguez family long time patients of Dr. Yaa Amoah-Honny, (RR5-9) Had treated the Petitioner for warts and a rash in Penis (RR5-12) No herpes.

On July 5th 2011 the child Claudia Rodriguez - C. for partection was treated by Dr. Honny (RR5-19) She was 10 years old. (RR5-20) C. was complaing about a vaguina rash whic is hightly possible due to hygiene. (RR5-20) C. Stated more than once No sexual contact caused the rash (RR5-21-22) On July 12 after drilling C. for over an hour with Mom in the room and C. explaining two possible scenarious. Dr. Honny kicked Mom out of the Room (RR 5-24 bottom)

P 2 of 14

Initially on July 5th C. denied any sexual contact (RR5-29) On July 12 C. still said No sexual contact (RR5-29) It appears after Mom - Luz Farfan - L.F. being kicked out of the room and intimidating, browbeating, C. said a boy at school had touched her on her skirt. (RR5-30) She C. was very scared (RR5-29) Dr. Honny refused to believe her explanation of a classmate touching her. (RR5-30) — "No C. that's a lie. Lets try it again." — Dr. Honny's one track mind Never asked who the boy was nor his Name. (RR4-155) C. knew the boys Name (RR4-155) line Number 7. "Uh-huh" There is no outcry witness (RR4-22) = "What Dr. Honny Said." Not C. Emphasis added. The crux of the case is that C. was tested possitive for herpes Simplex Virus 2 (RR5-34) And Dr Honny insist it is only transmitted genital to genital (RR5-43) 99%. That it is a preposterious claim that its transmitted through birthing (RR5-27) (RR5-27) She saw classic heptic lesions on C. Vagina. (RR5-25) No thrauma the hyman is intact No physical sign of penetration (RR4-84) Herpes can come from touching (RR4-98) Or while birthing (RR4-98, 100 & 106) Dr. Renee Isaac that a hyman can heal back after a penetration (RR4-86) That any 60 IQ moron will know to be false. Dr. Honny coaxed C. into incrimination her beloved father, Petitioner, Alan Omar Rodriguez, of sexually assaulting her. Dr Honny's pernicious Field of Medecin dexterity, kicked Mom out of room. P 3 of 14

(RR5-24) Dr. Honny thraumatized C. phycologically and mentally that C. couldn't remember her Father's name. (RR4-118) Couldn't tell diserence between truth and a lie. (R-R4-117) She thought it was all her fault, she was to blame for the citvation she was angry with herself and even wanted to hit herself in the Face (RR4-147) Dr. Honny accused the Father of transmiting herpes to C. That is the Cruz of the case.

Dr. Honny lied when she testified that Alan Rodriguez tested Possitive for both herpes Simplex Virus 1 & 2. And that such were in both LubCorp Test results. (RR5-39 & 40) See (V.1 oF 1-81) Where test results for Alan Omar Rodriguez show Negative specifically for Herpes Simplex Virus 1 & 2.

It glares in the record. While defense Attorney, Ricardo Gonzalez, cross examined Dr. Honny, the Court cut him off. "Lets pass to other Topic." An acquiescent defense counsel didn't object. (RR5-54) Non existing Extraanious offenses were Considered by the jury. (V.1 of 1-232)

The jury unreasonably determined a guilty verdict.

The First Court Of Criminals Appeals of Texas Affirmed the judgement by no reversable error. The Appellate ineffective Counsel only raised one claim of Court improper limiting cross-examination. Never challenged the Sufficiency of the Evidence, Ineffective counsel at trial, No Outcry Witness, Prosecutor's misconduct, Gasking and Brady violation, Speedy trial violation, Court's abuse of discretion complete innocence among others; No full and fair hearing          P. 4 of 14.

Trial Counsel did not file a Pretrial Motion to suppress evidence = gun.
No Motion in Limine did not object to incriminating evidence.

<u>Legal Brief:</u>

Petitioner filing Pro-se assisted by layman of the law inmate does Not waive any right Namely Constitutional Right which cannot be waived. <u>Hidalgo v. State</u> 945 S.W. 2nd 313. And Petitioner invokes a Liberal Pro-Se Filing. <u>Jackson v. Beyer</u> 750 F.Supp. 153.

To prove ineffective assistance of Counsel, Petitioner will alude to dehors record claims for collateral attack which appear on the face of the record. <u>Sowell v. Collins</u> 557 F.Supp. 843. Petitioner will claim Circumstantial evidence will prove that the alleged charges of Sexual assualt of a Child under Forteenth are False For if circumstantial evidence can convict the Pen Force also can and will acquit <u>Ex Parte Amezquita</u> 223 S.W.3d 363 (Tex. Crim. App 2006)

By the preponderance of the evidence presented in the case at hand, this honorable Court of Criminal Appeals Should Rule that ineffective assistance of Counse glare on the face of the record. <u>Ex Parte Martinez</u> 330 S.W.3d 891.

Due To the short space to file this Brief seeking review and relief From an illegal incarceration, Petitioner is compelled Not to elaborate case law citing or precedents. However, Commulative Errors will be Noted in the record evidenced. More than the two required are presented which merit relief sought. <u>Castro v. Ward</u> 138 F.3d 810 Keynote 44 Hab. Corp. hey 461. The case at hand is not oNly a guestion of insufficiency of the Evidence but of Complete Innocence. <u>Schlop v. Delo</u> 513 U.S. 298, 115 S.Ct 851, 130 L.Ed.2d 808 (1995) <u>Ex Parte Elizondo</u> 947 S.W.2d 202. (Tex. Crim. App 1996) See <u>Tim Cole Act</u> (TCA) of May 27, 2009, 81st. Leg. R.S. Ch. 180 §1, 2009 Tex. Gen. Law 523. See <u>InRe Smith</u> 333 S.W.3d 582 (Schlop type claim) P. 5 of 14.

Fundamental misscarrage of Justice glare in the case at hand and any jurist of reason would find debatable the issues presented on appeal. The (AEUPA) governs right to appeal. See Slack v. McDaniel 120 s.ct. 1595 (2000), when there are valid claims of Constitutional question. if the State denies on procedural grounds as in the present case. See State Appellate Brief at p. 6&7. "Unpreserved." However, there is a Constitutional question of Due Process, Namely Ineffective Assistance of Counsel which includes Equal Protection which falls under the 14th Amendment of The United States Constitution of The United States Of America. Nor does the Federal Courts abandon a meritoruos Petition for Habeas Corpus. See Jasper v. Thaler 765 F. Supp. 2d. 783, where: "Deference to which State Courts factual finding are entitled Under the Anti-Terrorist Effective Death Penalty Act (AEUPA) does not imply an abandonment of the Federal judiciary review. W.D. Tex. 2011, 28 U.S.C.A. 2254 (e)(1).

Petitioner claims that due Process was violated by Appellate Counsel, Beth Yeshua Ha Mashiuch, Constituting ineffective assistance of Appellate Counsel. She failed to raise the insufficiency of the evidence claim which is the only cognizable claim that the trial defense counsel raised when the State rested. (RR5-54&56). Appellate Attorney failed to examine the record on appeal to discover all the foregoing claims which are Constitutionally Protected Under the 5th 6th 8th and 14th Amendments of The United States Constitution. See: Ex-Parte Balderrama 214 s.w.3d. 530, Note #4 Crim. Law 641.13(1) Where Appellate Counsels failure to raise the insufficiency of evidence, Counsel performance fell bellow a standard of reasonableness, Reversed. See: Evitts v. Lucy 105 s.ct. 830. Both Counsels for defense- p. 6 of 14.

were ineffective. Trial defense counsel, Ricardo Gonzalez, never objected to the introduction of evidence. (RR5-35) (RR4-171) He failed to submit any written objection pre-trial and timely served (RR4-170) (RR4-181) (RR5-17) (RR5-35) (RR5-18) He even allowed void convictions stipulated into evidence (RR 6-18). One a misdemeanor, two deffered adjudication which were not final convictions dismissed which rendered these void or constitutionally deffective. He himself presented there to the jury to consider as extranious crimes which prejudiced the Petitioner in due Process Violation. He failed to effectively defend Petitioner. See Old Chief v. U.S. 117 S.ct. 644 Where he stipulated to old convictions voided. Reversed & Remanded. See Hidalgo v. State Supra 945 S.W. 2d. 313 Where "Prior Judment may be colleteral attacked if they are void or if they are tainted by constitutional defects, both fit the case at hand, ie., void and ineffective representation renders constitutional defect. He failed to file a Motion in Limine to barr use of there void offenses. Galloway v. State 578 S.W.2d. 142; Beto v. State 408 F. 2d. 313; State v. Garcia 905 S.W.2d 7, & Houston v. State 916 S.W.2d 705. The gun presented into evidence prejudiced Petitioner on his guilt and punishment by the arbitrary action of defense counsel. No challenge to a Speedy Trial, Petitioner constantly urged a trial in order to prove his inocence. 32 Months before trial is No excuse for 13 Continuance without good cause other then to brainwash the child C. into believing something not real. See; Orand v. State 254 S.W.2d 560, Note #4, Crim. Law Key 577.15 (4), 577.16 (8) Where One year delay is presumptive preju-dicial. U.S.C.A. Amd 6.                    p. 7 of 14

He failed to object to a trial without an outcry witness. (R R4-5) The state claimed the Mother L.E. to be the outcry witness (RR4-6) However, she testified that Dr Honny had "said" about sexual assault not her. (RR4-6) See (RR4-22) Where she tould her daughter that if she dient come out in 5 mitutes to call 911 and "Tell them what Dr. Honny said." thereby, She is not an outcry witness. He failed to object to the Court's termination of Cross examination to both the Child C. and Dr. Honny. (RR4-162) & (RR5-54) Such a constitutional protection to Cross examine Violated. See Washington v. Texas 87 S.Ct. 1920 reversed 400 sw2d 756, 6th & 14th Amendment. Carrol v. State 916 sw2d 494 (Tex. crim App. 1996) Strichland V. Washington 104 S.Ct. 2052 United States V. Cronic 104 S.Ct. 2052. The First Court Of Appeals of Texas did Not rule whether such an error was harmless beyond a reasonable doubt Chapman V. California 87 S.Ct. 824 Rev. & Rem.

Petitioner tried to fire the defense attorney, Ricardo Gonzalez, twise. (V.1 of 1 p 89 & 91) all in vain. He even failed to object to hearsay statement of pre trial nature and such were not given for impeachment in a Gasking violation a well a Brady. See Smith v. State 740 s.w.2d 503 PDR granted Vacated. Gasking Rule. See Holoway V. State 525 sw2d 165 (crim app 1975); Sellers v. Estelle 102 S.Ct. 1292 In The case at hand the Mother L.F. had been tested for herpes and such test could exhonorate this Petitioner and it was withheld, the State knew of its existance and deliberately withheld it. (RR4-94) The crux of the case is that the Child C. was infected with herpes Simplex Virus 2 and according to Dr. Honny only genitial to genitial transmision occur. And she falsely testified that this Petitioners LabCorp Test results were Possitive  P. 8 of 17

(RR5-37-39) However, The LabCorp Test result for Alace Omar Rodriguez on (V.1 of I at p 81) Show test results "Negative" for H.S.V. 2 or Herpes Simplex Virus 2. Evidenced in the Record is proof that the State Expert Witness, D. Honny, perjured by knowingly lying to cause harm. See Williams v. Griswald 743 F2d 1533 - Reversed over perjured testimony. Said defense Counsel never objected other than noting an "Indetermine" notation. A two year plea bargain was offered and defense Counsel failed to offer it to the defendant, regardless whether accepted or not he is by law supposed to mediate the offer. Such is an arbitrary action prejudicing Petitioner. Before trial the Trial Judge, mentioned it.

Circumstantial evidence on the record proves that defense counsel was prejudice against Petitioner and will ill will did not object to all evidence to cause pocedural default on appeal. His expertice negates any other ratinale. Both prongs are met for ineffective counsel showing prejudice as above evidenced. See Strickland v. Washington 104 S.ct. Suppra. also Mayo v. Cockrell 287 F3d 336 (5 Cir 2002) where defense Counsel provided no meaningful assistance constitutes ineffective assistance of Counsel.

Dr. Honny, alleged that this Petitioner gave the HSV2 to the child C. Note: This Petitioner tested negative to HSV2 in the LabCorp test results (V1 of I at p 81) That in itself exhonorates Petitioner and perjures Dr. Honny.

Furtheremore; The State claims the Child C. was raped, penetrated. However upon examination the child C, hyman was/is Normal, No thrauma. She's still a Virgin. Thereby No rape, no penetration occured ever. (RR4-84, line 19) = "No physical evidence of penetration." Emphasis added. The State witness-Expert, - Dr Renee Isaac. incardiously testified that, "No such thing     p. 9 of 17.

as a Virginity test exhists." That is perjury under oath. She further testifies that a broken hyman will heal back to Normal "quickly, very quickly." (RR 4-84&86) Such a perjurous lie is medically or clinically unacceptable as incompetent or out right perjury to cause harm. Any Moron, Under 69 IQ can tell that a hyman once broken will stay broken for life and never heal back to normal.

Defense counsel failed to introduse an independant expert witness for rebuttal. Such would have exhonorated Petitioner specially with an independent HSV 2 Lab test of Petitioner, along with an expert witness. See Pena v State 226 Sw 3d 628 (waco app.) Where Lab test and Police expert witness have an incentive to lie since its their duty to the prosecutor. This case at hand is a tremendous example of such precedent truth. Agains; Willams v Griswold 743 F2d 1533. Dr. Isans, rightly, testifies that the HSV 2 can be transmitted by touch kiss or birthing. (RR4-98-100) Which prooves that it not necessarily is sexual foulplay. However Dr. Honny is contrary and erroneous on insisting that such HSV2 can only be transmitted genital to genital no other ways, 99% (RR 5-43&27).

Dr. Honny is ingratious culprit of this unsaverable cause in her overzealous approuch to a plight for medical attention. At first the child C. was just "Flat." — "I thought she was a little bit slow to answer. But she did—she seemed like — we were very non-threatening. It seemed like she was telling us the truth or what we perceived to be the truth;"... (RR5-22) Note; "we were very non-threatening." Yes, That was on July 5th and C. said No sexual contact. (RR5-21) However, On July 12th she—Dr. Honny—lowered the boom. She put pressure, and it is tipical to threaten a child of being removed from all the family, to be put in a foster house.          P. 10. of 14.

On July 12th C. said No (RRS-29) Dr. Honny did not like her diagnosis being questioned by Mom LF. (RRS-24) So she kicked out of the interogating room Mom LF after one hour with both (RRS-24) She kicked Mom out because C. was trying to explain a couple of ways "Scenarious" as to how she could have contacted the Hsv2. (RRS-24) Circumstantial evidence show Dr. Honny Mad at her diagnosis being questioned. Didn't approve of an explanation of two different scenarios, So she kicks Mom out and Now she is threatening. The Child C. is Very Scared. (RRS-29) C. says a boy at school touched her. No only an adult could have done it. She remembers treating Dad, Alan for warts on his penis. Him! Its him! She wont listen to reasons. She threatens C. and scares her into incriminating Alan Rodriguez. C. wont cooperate untill over two years of drilling. C. feels its her fault, she is angree with herself so much she wants to hit herself in the face (RR4-147) She C. don't blame Dad. She is so traumatized she dont remembers dads name. (RR4-118) She was not allowed to explain. The Dr. Honnys dispell the boy at school and did no follow-up, didn't ask his Name or who he was. (RR4-155) Single track mind. Yes at first Dr. Honny was very non threatening. (RRS-22) But once Dr. Honny had C. alone, no witnesses, she became "Dr. JAckle". So the Child C. remembers the school mate fundling her. No C. thats a lie, lets try again. (RR5-30) More scared, Child C. tries two other scenarious = "C. did" (RR5-24; line 24). Frustrated, Dr. Honny, Now "Dr Jackle," lowers the boom and hits a crescendo dominating a scared fearful inocent victim of her obsession to incriminate the father, Alan Rodriguez whom she had previosly treated for penis warts (RRS-12)    P. 11 of 14.

The end results are an illegal Conviction by fabricated evidence Namely since this Petitioner is indeed free of the Harpes Simplex Virus 2 which is the Crux of the case the Petitioner passed genitial to genitial such HSV 2 Sexually transmitted descease Noting that the same Dr. Honny insisted that such a Virus is only transmitted by a sexual genitial to genitial contack and No other way. (RR5-43) Stating "No other way." Therefore, as far as this Petitioner has been advised by laymen inmates, its determined that No Positive results are indicated in the LubCorp test results. (V.1 o1-85)

Petitioner can't write Nor speak English and the Writer of this writ has problems Understanding what he "Petitioner" understood at the proceedings during trial. Immagine, The Court says one thing, Iterpreter again and Petitioner again so by the time 3 diferent Persons speak it changes dramatically.

Please accept the "appology" for erronepusly stating at any Stage of this Brief that the Court Stated the jury finding Petitioner not guilty. It was refering to the Court and not jury.

Petitioner twice tried to have the Court fire defense Counsel Ricardo Gonzalez, to No avail. (V.1 of 1-89 & 91) But had to go through trial with a ~~Jury~~ Judge, Jury & defense Counsel all against Petitioner tantamount to a STAR CHAMBERS Trial in direct violation of due Process of law of The State And federal Constitution. The Judge abused Court's discretion for Not allowing the Petitioner the Oppertunity to address the Court before Sentencing.

Cross Examination Error. _Carrol v. State 916 S.W. 2d. 499 (Tex. Crc. App. 1996)_ Where an attorney may examine even only to explore. In The instant case the Trial Judge twice interupted and terminated the Cross examination. (RR3-162) and (RR5-54) And the First Court Of Appeals Rules No errors.

Defense Counsel defaulted Procedually all claims and such defaults of an ineffective Counsel shuld be impune to the State. All claims falls short on that Petitioner was Not afforded a full and fair hearing See _Townsent v. SPAIN 83 S.ct. 745_, Where a federal Court will entertain a 2254 if the State did not provide a full and fair hearing to resolve dispute, as in the case at hand and if there are newly discovered evidence like the results of the LabCorp Negative for HSV2 for Alan Oscar Rodriguez. (F1 of 1-81) among others.

Petitioner has evidenced by the records Claim of cause and prejudice for this Court to consider the defaulted procedurally claims which if not will constitute Flagrant Fundamental Miscarrage of justice. See _Keeney v. Tamayo-Reyes 112 S.ct. 1715 (1992)_ Overruling _Townsend_ supra

Had defense Counsels arbitrary prejudicing action Not happened, this appeal would not be before this Court a different out come favorable to the defendant would have surely resulted.

Cause of Action to obtain relief from an illegal incarceration. Jurisdiction lie in this Court to entertain this matter.

Caims in the record and Circunstantial merit relief.

_Prosecutoral Misconduct_ is evident for saying to the jury that the anus OF C. had been raped. See _Vargas V Keane 86 F.3d. 1273._

_Trial Judge Abused Discretion_ for Not granting an Instructed verdict and Stoping testimony among others. See: _Jackson v. Texas BD. Of Pardons And Paroles 178 S.w. 3d. 272 at 275._ And for ordering The defendan to chose who should sentence him in case of guilt.

p. 13 of 14

## Legal Argument

Petitioner's State And Federal Constitutional Rights of Due Process were Violated, tried and Convicted with insufficient evidence. The CRUX of the case; Petitioner Passing the HSV2 to A child by genitial to genitial contact, However Petitioner is HSV2 Free (V.101-81). The truth shall set you free. Ineffective Counsels arbitoury actions prejudiced Petitioner by defaulting appealable claims of, "Plain error."

For the reasons shown relief should be granted by dismissin case with Prejudice

## Prayer.

Petitioner Prays this court dismiss's all charges with prejudice.

## Certificate Of Declaration

The foregoing is true and Correct the undersigned Declares in this Non totary sworn brief mailed via U.S. Mail postage prepaid this ___27th___ day of ___May___, 2015. And urges the Court Clerk to serve all parties of interest. No Copies included.

Respectfully Submitted and signed, *Alan omar Rodiguez*

CC, Alan Omay Rodriguez Pro-Se
1928606 Ramsey 1 Unit.
1100 FM 655
Rosharon, Tx, 77583

Please serve all answers also to,
Regino Palacios 1569296
Ramsey 1 Unit
1100 FM 655
Rosharon, Tx. 77583 who is assisting me.

## Order.

This Court having heard the Petition For Discretionary Review, grants relief Sough and reverses the case Vacating the illegal sentence And Ordering the immediate release of Petitioner. So Ordered.

Presiding honorable Justice Judge_____

Distinguished Court Clerk
Abel Acosta, for The
Court Of Criminal Appeals
Of Texas
P.O. Box 12308, Capitol Station
Austin, Tx, 78711

5/27/015

Dear Clerk, Abel.
    With all due respect,
please mark as exhibit the enclosed Affidavie in support of my
ineffective assistance of Counsel for my PDR No PD-0228-15.
    Thank you for your kind service and my thanks are in advance
    Thank You & May God bless you.

                    Yours truly, Signed, Armando Rodriguez

# "AFFIDAVIT."

I, Alan Omar Rodriguez, being of sound mind and body, date of birth 3/3/69, do hereby declare that defense counsel, Ricardo, Gonzalez, THN 08131550 arbitrarily acted in such a manner as to prejudice me in such a discriminatory way that he with ill will defaulted defense claims which could have exhonorated me on appeal for cause Number of trials 1398403. Of Harris County in Houston, Texas. Said Attorney in a pernicious manner disregarded my Plea for a Speedy Trial. Caused or agreed to 13 extensions of Trial. Failed to object to incriminating evidence. Did Not file a Motion to suppress evidence, Namely a gun legally at home, other then it being stolen without my knowledge. He Never filed a Motion In Limine, to barr the State from useing previous arrests Not of a Nature to be used as Extra-Nious Crimes to enhance or cause prejudice. Such priors were Void and Constitutionally tainted.

I Further State that Trial Expert State witnesses, Dr. Renee, Isaac, and Dr. Yaa Amoah-Honny committed perjury to harm me arbitrarily.

Certificate/Declaration

The undersigned Affiant Declares that the above Affidavid is true and correct and this is Not Notarized due to imprison-ment. Declared this 27th day of May, 2015, and signed

Signed, *Alan Omar Rodriguez*
Alan Omar Rodriguez
1928606 Ramsey 1 Unit
1100 FM 655
Rosharon, Texas 77583.



MIAN Omar Rodriguez
#28608 Ramsey 1 Unit
100 Fm 655
Roshasor, Texas 77583

c/o Distinguished, Abel Acosta, Court Clerk
For The Court Of Criminal Appeals
P.O. Box 12308 Capitol Station
Austin, Texas. 78711

Legal Mail